Jordan Marsh Company v. Commissioner.
Jordan Marsh Co. v. Commissioner
Docket No. 60580.
United States Tax Court
T.C. Memo 1957-237; 1957 Tax Ct. Memo LEXIS 11; 16 T.C.M. (CCH) 1094; T.C.M. (RIA) 57237; December 27, 1957
*11 Petitioner, which operated a department store in Boston, sold properties used in its business at their fair market value and leased them from the buyer for 30 years with the option to renew for another 30 years and the option to demolish the buildings provided new buildings were erected. The rent agreed upon was fair and normal under the terms of the lease. Held, the loss from the sale is not deductible, following Century Electric Co. v. Commissioner, 192 Fed. (2d) 155 (C.A. 8, 1951), affirming 15 T.C. 581. Percy W. Phillips, Esq., Southern Building, Washington, D.C., for the petitioner. Charles B. Markham, *12 Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The respondent determined deficiencies of $50 in income tax, $80,805.90 in declared value excess profits tax, and $2,020,967.49 in excess profits tax for the fiscal year ended January 31, 1945. The sole issue is whether the petitioner is entitled to deduct losses and expenses incurred in a transaction by which it sold real property used as the site of its department store and simultaneously leased such property for a term of 30 years with an option to renew the lease for a like term. The returns for the taxable year were filed with the collector of internal revenue for the Upper Manhattan District of New York. [Findings of Fact] The facts are found as stipulated and the stipulation and exhibits thereto are included by reference. The petitioner was incorporated under the laws of Massachusetts in 1901. It has since been engaged in conducting a retail department store in Boston. It is not engaged in the real estate business. In 1922 the petitioner occupied several buildings in the block bounded by Chauncy, Sumner, Washington and Avon Streets. In that year it purchased the business of *13 Shuman & Co. in the same block and received as a part of the purchase an assignment of a lease on property in the block which lease will expire in 1970. Several of the other parcels occupied by the petitioner were held under long-term leases which have been renewed from time to time. Prior to 1925 C. F. Hovey Company conducted a department store business in premises on the corner of Sumner and Chauncy Streets identified as 39 to 53 Sumner and in adjacent premises identified as 27 to 37 Sumner and 9 to 23 Chauncy. Parts of these buildings were occupied by retail stores unrelated to the parties here involved. In 1925 the petitioner acquired these premises and also the stock of C. F. Hovey Company. Hovey retained its corporate identity and operated as a department store until merged with the petitioner on January 31, 1944, and the store was thereafter operated by the petitioner under the Hovey name until 1947. Hovey filed separate corporation returns from 1934 until the merger except for the fiscal year 1941 when a consolidated return was filed. Until 1947 the petitioner continued to lease the unrelated retail stores the premises they occupied in these buildings. In December 1928 *14 the stock of the petitioner was acquired by Allied Stores Corporation (formerly Hahn Department Stores Corporation) in an exchange of stock for stock. Stock of Allied Stores was then and still is listed on the New York Stock Exchange and is widely owned by the public. In 1930 the petitioner purchased certain parcels on Avon Street and another parcel adjacent to the premises occupied by the Hovey store. The petitioner gave a mortgage indenture on February 15, 1936, to Old Colony Trust Company covering several properties owned by the petitioner to secure payment of an issue of $6,000,000 of bonds payable in 1951. The indenture provided for the release from the mortgage of any of the properties upon payment of specified amounts to the Trust Company to be used to redeem the bonds. On December 29, 1944, there were outstanding bonds in the amount of $4,010,000 secured by the indenture. The Jordan Marsh main store area which fronted on Sumner, Washington and Avon Streets was adjacent to the Hovey store are which fronted on Sumner, Chauncy and Avon Streets, so that the two areas comprised a city block. The Jordan Marsh property was made up of several buildings joined together and the *15 Hovey property was made up of 8 buildings joined together, but the 2 stores were not joined except by a basement passageway. The buildings were generally old and the Hovey buildings were the older. In 1939 and in 1942 the petitioner purchased properties in the immediate vicinity outside the block described above. On December 29, 1944, the petitioner sold and conveyed by deed to Henry C. Brookings the property described as 27 to 37 Sumner Street and 9 to 23 Chauncy Street for $1,600,000 which was the fair market value of that property. The basis of such property after adjustments for additions, betterments, improvements, and depreciation was $3,150,693.89. On the same date Brookings delivered a lease of such property to the petitioner. The lease was for a term of 30 years and 3 days and required an annual rent of $96,000 which is a fair and normal rent for such property under the terms of the lease. Under the terms of the lease the petitioner had the option to renew for a further term of 30 years. On December 29, 1944, the petitioner sold and conveyed by deed to Ray C. Johnson the property described as 39 to 53 Sumner Street for $700,000, which was the fair market value of that *16 property. The basis to the petitioner after adjustments was $1,618,531.60. On the same date, Johnson delivered a lease of such property to the petitioner. The lease was for a term of 30 years and 3 days and required an annual rent of $42,000 which is a fair and normal rent under the terms of the lease. Under the terms of the lease the petitioner had the option to renew for a further term of 30 years. The petitioner paid $2,326,000 to Old Colony Trust Company, as trustee, to secure release from the mortgage indenture of the properties sold to Brookings and Johnson. Upon these sales the petitioner incurred and paid expenses of $84,935.64. Under the leases the petitioner had the right to demolish the buildings provided it erected new buildings meeting stated conditions. [Opinion] In determining its taxable income for the fiscal year ended January 31, 1945, the petitioner claimed a deduction in the amount of $2,554,161.13 for losses from the sales of property to Brookings and Johnson. The respondent determined that the losses and expenses arising from these transactions should be amortized over a period of 30 years and allowed a deduction of $7,094.89 for the month of January *17 1945 in the taxable year. The petitioner transferred these properties at a loss. Under section 111 of the Internal Revenue Code of 1939 the loss is measured by the excess of the adjusted basis over the amount realized, and the recognition of the loss is determined under section 112. [1] Under section 112, if there was a sale, the entire amount of the loss shall be recognized; if there was an exchange, of property held for productive use in business for property of like kind to be held for such use, the loss is not to be recognized. *18 In Century Electric Co. v. Commissioner, 192 Fed. (2d) 155, certiorari denied 342 U.S. 954, affirming 15 T.C. 581, the taxpayer sold foundry property used in its business and in the same transaction leased it back for a term of 95 years. The Court of Appeals said that in section 112 the Congress was not defining "sales" and "exchanges", but "was concerned with the administrative problem involved in the computation of gain or loss in transactions" of this character, and indicated the policy of nonrecognition where gain or loss was not readily measured in terms of money or where in fact the economic situation of the taxpayer is the same after as before the transaction. The Court stated: "Under subsection 112(e) no loss is recognized on an exchange of property held for productive use in trade or business for like property to be held for the same use, although other property or money is also received by the taxpayer. Compare this subsection with subsection 112(c)(1) where in the same circumstances gain is recognized but only to the extent of the other property or money received in the transaction. The comparison clearly indicates that in the computation *19 of gain or loss on a transfer of property held for productive use in trade or business for property of a like kind to be held for the same use, the market value of the properties of like kind involved in the transfer does not enter into the equation." The property of Century Electric Co. was held for productive use in its trade or business both before and after the transaction. The only change was in the estate or interest held by the taxpayer. The Court approved the administrative regulation defining a lease with 30 years or more to run and real estate as properties of "like kind" for the purposes of section 112. [2] The decision of this Court that the loss upon the sale was not deductible was affirmed. We find this decision controlling in the circumstances of the present case. The petitioner in an excellent brief argues that the Century Electric Co. case is distinguishable. It is contended that the sale by Century was for a cash price of less than fair market value and the lease, the latter being a part of the consideration for the transfer, whereas Jordan March sold its property for the full fair market *20 value, while the lease, which was for a fair and normal rent, had no value as such and could not be regarded as any part of the consideration for the sale. This contention is answered by the quoted statement of the Court of Appeals that the market value of the property involved does not enter into the equation. The petitioner also contends that its economic situation was changed as a result of the transaction, since instead of being a landlord it became a tenant liable for rent and had received cash by which it reduced its debts and increased its working capital, and since any future increase or decrease in the value of the property would inure to the benefit or detriment of other persons. The determinative point, however, is that the petitioner at no time contemplated giving up the possession of this property used in its business. Both before and after the transaction, the premises were productively used in its business and the term of the lease was sufficient to cover the useful life of the buildings on the land and practically all the useful life of new buildings if it chose to erect them. The petitioner cites Standard Envelope Mfg. Co., 15 T.C. 41 (1950), Acq. C.B. 1950-2, 4, and May Department Stores Co., 16 T.C. 547 (1951). *21 The principal issue raised in these cases was the bona fides of the sale, which we resolved in favor of the taxpayers. They involved sales coupled with a leaseback, but the leases there were for terms of less than 30 years and hence did not involve the question of exchanges of properties of "like kind," within the intent of the regulation here involved. Decision will be entered for the respondent. Footnotes
1. SEC. 112. RECOGNITION OF GAIN OR LOSS. (a) General Rule. - Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section. (b) Exchanges Solely in Kind. (1) Property held for productive use or investment. - No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment. * * *
(e) Loss from Exchanges Not Solely in Kind. - If an exchange would be within the provisions of subsection (b)(1) to (5), inclusive, or (10), or within the provisions of subsection (1), of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain or loss, but also of other property or money, then no loss from the exchange shall be recognized.↩
2. And see footnote 3, Wm. Fleming, 24 T.C. 818, 824↩.